**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KAREN OLIVIERI and | : CIVIL ACTION – LAW |
| MICHAEL OLIVIERI (sp/sp) | : No. _____ |
| 1117 Berkley Avenue | : |
| Quakertown, PA 18951 | : |
| | : Demand for Jury Trial |
| Plaintiffs | : |
| | : |
| v. | : |
| | : |
| GLOBAL STORE SUPPLY, INC., individually | : |
| and d/b/a DELXO USA | : |
| 14955 Limonite Avenue | : |
| Eastvale, CA 92880 | : |
| | : |
| and | : |
| AMAZON.COM, INC. | : |
| c/o Corporation Service Company | : |
| 300 Deschutes Way SW | : |
| Ste. 208 MC-CSC1 | : |
| Tumwater, WA 98501 | : |
| | : |
| Defendants | : |

## Civil Action Complaint

1.      Plaintiff, Karen Olivieri (hereinafter "Plaintiff"), is an adult individual who resides at the above address in Bucks County in the Commonwealth of Pennsylvania.

2.      Plaintiff, Michael Olivieri (hereinafter "Plaintiff Spouse"), is an adult individual who resides at the above address in Bucks County in the Commonwealth of Pennsylvania.

3.      Plaintiff Karen Olivieri and Plaintiff Spouse Michael Olivieri (hereinafter "Plaintiffs") are and at all times relevant hereto were legally married.

4.      Defendant, Global Store Supply, Inc., individually and d/b/a Delxo USA (hereinafter "Defendant Global"), is a California business corporation with its principal place of

business in the State of California, and with a registered agent for service, Zhenjie Li, located at the above address in Eastvale, California.

5.	Defendant, Amazon.com, Inc. (hereinafter "Defendant Amazon" and, collectively with Defendant Global, as "Defendants"), is a Washington business corporation with its principal place of business located at the above address in the State of Washington.

6.	Plaintiff is not from the same state as Defendants, and the value of the matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332. Therefore, this Court has jurisdiction of this action pursuant to complete diversity of citizenship among the parties under 28 U.S.C. §1332.

7.	At all times relevant to this matter, Defendant Global was and continues to be in the business of consumer products and supply chain management, including designing, manufacturing, packaging, handling, and labeling of consumer products, including a Delxo Folding 2-Step Ladder.

8.	Defendant Amazon markets, sells, and distributes consumer goods, including Defendants' Ladder, to individuals across the globe including in the Commonwealth of Pennsylvania.

9.	At all times relevant to this matter, Defendant Amazon acted as a seller, distributor, or facilitator in the chain of commerce by listing, marketing, and selling Defendants' Ladder to consumers including Plaintiff.

10.	Defendant Global, individually and/or jointly, directly and/or by and through its duly authorized agents, ostensible agents, servants, contractors, subcontractors, borrowed servants, workmen, and/or employees, all in the course and scope of such relationship, designed,

manufactured, produced, and/or shipped a Delxo Folding 2-Step Ladder (hereinafter "Defendants' Ladder") which was made available for sale on Defendant Amazon's website.

11.     At all times relevant to this matter, Defendant Amazon, individually and/or jointly, directly and/or by and through its duly authorized agents, ostensible agents, servants, contractors, subcontractors, borrowed servants, workmen, and/or employees, all in the course and scope of such relationship, accepted an online order, Order #114-6108887-8133001, for Defendants' Ladder by Plaintiff with a listed ship date of February 19, 2023 to Quakertown, Bucks County, Pennsylvania, and a price of $39.99 (or $42.39 including tax).

12.     Defendant Amazon facilitated the delivery of Defendants' Ladder from Defendant Amazon's warehouse to Plaintiff's residence in Bucks County, Pennsylvania through the Amazon Prime program.

13.     Defendant Amazon was an integral part of the marketing and distribution chain for Defendants' Ladder, placing the product into the stream of commerce.

14.     Defendant Amazon exercised significant control over the sale of Defendants' Ladder by controlling its listing, displaying the product to consumers, including Plaintiff, setting the terms of sale, and receiving payments directly from the purchaser.

15.     Defendant Amazon then fulfilled the transaction by storing Defendants' Ladder in its warehouses and arranging for its shipment to Plaintiff, ultimately acting as marketer, seller, and distributor.

16.     At all times relevant hereto, Defendant Amazon accepted Defendants' Ladder for listing on its website, but failed to provide adequate warnings or safety information for individuals weighing significantly less than the product's weight limit.

17. On February 27, 2023, after Plaintiff had received the shipment containing Defendants' Ladder, she climbed Defendants' Ladder in order to retrieve a flag outside of her residence in Bucks County, Pennsylvania when, suddenly and without warning, Defendants' Ladder collapsed and Plaintiff landed forcefully on her left side and head.

18. At the time of the incident, Defendants' Ladder was in the same condition as when it was delivered by Defendant Amazon.

19. At the time of the incident, Defendants' Ladder was in the same condition as when it was manufactured by Defendant Global.

20. At the time of the incident, Defendants' Ladder was in the same condition as when it was marketed, sold, distributed, and delivered by Defendant Amazon.

21. Plaintiff's fall from Defendants' Ladder caused severe and debilitating injuries to her left shoulder, back, buttocks and head, including concussion and post-concussion syndrome.

22. At the aforesaid time and location, Defendants' Ladder was represented and marketed to have a safe weight capacity of up to 300 pounds.

23. At the aforesaid time and location, Plaintiff's weight was less than half of the weight capacity of Defendants' Ladder.

24. At the aforesaid time and location, Plaintiff was using the ladder in a foreseeable manner and as intended.

25. Defendants' Ladder was a defective product, unreasonably dangerous for its intended use.

26. The individual, joint and/or several negligence and carelessness of Defendants, as set forth more fully herein, was the direct and proximate cause of Plaintiff's personal injuries.

27. As a direct and proximate result of the individual, joint and/or several negligence

and carelessness of Defendants, Plaintiff has suffered and may in the future continue to suffer bodily injuries, severe pain, anxiety, depression, emotional and mental distress, humiliation, embarrassment, and/or loss of pleasures and enjoyment of life, and permanent scarring.

28.    As a direct and proximate result of the individual, joint and/or several negligence and carelessness of Defendants, and her resulting injuries, Plaintiff has undergone and may in the future undergo various reasonable and necessary medical treatments.

29.    As a direct and proximate result of the individual, joint and/or several negligence and carelessness of Defendants, and her resulting injuries, Plaintiff has been and/or may in the future be required to spend money for medical treatment in an effort to treat and cure herself of the injuries she sustained, to her ongoing detriment and financial loss.

30.    As a direct and proximate result of the individual, joint and/or several negligence and carelessness of Defendants, and his resulting injuries, Plaintiff has been and may in the future be hindered and/or prevented from attending to and/or fully performing her usual and customary duties, hobbies and/or avocations, to her ongoing detriment and loss.

**COUNT I – Strict Liability**
**Karen Olivieri v. Global Store Supply, Inc., individually and d/b/a Delxo USA**

31.    Plaintiff incorporates herein, by reference, the averments contained in the preceding paragraphs, as well as all subsequent paragraphs, as though the same were fully set forth herein.

32.    Defendants' Ladder was defective and unreasonably dangerous for its intended use when it left the control of Defendant Global.

33.    Defendants' Ladder failed to perform as an ordinary consumer would expect when using it foreseeably and in its intended manner.

34.    Defendants' Ladder contained a design and/or manufacturing defect.

35.    Defendants' Ladder contained inadequate warnings and instructions.

36.    As the designer and manufacturer, Defendant Global is strictly liable for Plaintiff's injuries directly and proximately caused by Defendants' Ladder, a defective product.

WHEREFORE, Plaintiff Karen Olivieri demands judgment in her favor and against Defendant Global Store Supply, Inc., individually, jointly and/or severally, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), together with such further relief as this Honorable Court may deem appropriate.

## COUNT II – Strict Liability
## Karen Olivieri v. Amazon.com, Inc.

37.    Plaintiff incorporates herein, by reference, the averments contained in the preceding paragraphs, as well as all subsequent paragraphs, as though the same were fully set forth herein.

38.    Defendants' Ladder was defective and unreasonably dangerous for its intended use when it left the control of Defendant Amazon.

39.    Defendant Amazon was actively engaged in the business of marketing, selling, and distributing consumer products, including Defendants' Ladder, to consumers, including in the Commonwealth of Pennsylvania and including Plaintiff.

40.    As the marketer, seller, shipper, and facilitator, Defendant Amazon is strictly liable for Plaintiff's injuries directly and proximately caused by Defendants' Ladder, a defective product.

WHEREFORE, Plaintiff Karen Olivieri demands judgment in her favor and against Defendant Amazon.com, Inc., individually, jointly and/or severally, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), together with such further relief as this Honorable Court may deem appropriate.

## COUNT III - Negligence
## Karen Olivieri v. Global Store Supply, Inc., individually and d/b/a Delxo USA

41.    Plaintiff incorporates herein, by reference, the averments contained in the preceding paragraphs, as well as all subsequent paragraphs, as though the same were fully set forth herein.

42.    The individual, joint and/or several negligence and carelessness of Defendant Global included:

a.  Designing Defendants' Ladder with a dangerous defect that rendered it prone to collapse at weights significant less than its advertised weight limit;

b.  Manufacturing Defendants' Ladder with a dangerous defect that rendered it prone to collapse at weights significantly less than its advertised weight limit;

c.  Failing to provide adequate warnings regarding weight limits;

d.  Failing to provide adequate warnings regarding defects;

e.  Failing to conduct adequate testing or quality control to identify structural weaknesses;

f.  Using defective or substandard materials in the manufacturing of Defendants' Ladder, in compromise of its strength and safety;

g.  Advertising Defendants' Ladder as capable of supporting up to 300 pounds, despite its inability to bear less than half of that weight under normal use;

h.  Failing to warn users such as Plaintiff of the potential for instability and sudden collapse during ordinary use;

i.  Failing to monitor, investigate, and/or address consumer complaints regarding product safety;

j.  Failing to perform proper load testing to confirm the weight capacity of Defendants' Ladder; and,

k.  Failing to oversee the manufacturing process to ensure the product met safety standards.

WHEREFORE, Plaintiff Karen Olivieri demands judgment in her favor and against Defendant Global Store Supply, Inc., individually, jointly and/or severally, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), together with such further relief as this Honorable Court may deem appropriate.

## COUNT IV - Negligence
### Karen Olivieri v. Amazon.com, Inc.

43.     Plaintiff incorporates herein, by reference, the averments contained in the preceding paragraphs, as well as all subsequent paragraphs, as though the same were fully set forth herein.

44.     The individual, joint and/or several negligence and carelessness of Defendant Amazon included:

a.  Failing to adequately vet Defendants' Ladder before listing it for sale on Amazon.com;

b.  Failing to implement procedures to ensure that products sold on its marketplace meet minimum safety standards;

c.  Neglecting to investigate prior consumer complaints or incidents regarding Defendants' Ladder;

d.  Failing to include adequate safety warning on the product listing for Defendants' Ladder;

e.  Allowing the sale of defective products without adequately monitoring the practices of third-party sellers or manufacturers;

f.  Failing to verify claims made by the manufacturer regarding the weight capacity and safety of Defendants' Ladder;

g.  Listing inaccurate and unreliable information regarding the weight capacity of Defendants' Ladder; and,

h.  Failing to inspect Defendants' Ladder in storage before shipping and delivering it to Plaintiff, thereby distributing a defective and dangerous product.

WHEREFORE, Plaintiff Karen Olivieri demands judgment in her favor and against Defendant Amazon.com, Inc., individually, jointly and/or severally, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), together with such further relief as this Honorable Court may deem appropriate.

### COUNT V – Breach of Express and Implied Warranties
### Karen Olivieri v. Global Store Supply, Inc., individually and d/b/a Delxo USA

45.     Plaintiff incorporates herein, by reference, the averments contained in the preceding paragraphs, as well as all subsequent paragraphs, as though the same were fully set forth herein.

46.     Defendant Global expressly warranted that Defendants' Ladder could safely support up to 300 pounds in weight.

47.     Plaintiff relied upon Defendant Global's express warranty in purchasing and using Defendants' Ladder.

48.     Defendant Global entered Defendants' Ladder into the stream of commerce and impliedly warranted to consumers that it was fit for its ordinary and foreseeable purpose.

49.     Defendant Global breached its express and implied warranties of merchantability as Defendants' Ladder failed to conform to its advertised characteristics, was defective and dangerous, and failed during ordinary and intended use, resulting in injuries to Plaintiff.

WHEREFORE, Plaintiff Karen Olivieri demands judgment in her favor and against Defendant Global Store Supply, Inc., individually, jointly and/or severally, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), together with such further relief as this Honorable Court may deem appropriate.

### COUNT VI – Breach of Express and Implied Warranties
### Karen Olivieri v. Amazon.com, Inc.

50.     Plaintiff incorporates herein, by reference, the averments contained in the preceding paragraphs, as well as all subsequent paragraphs, as though the same were fully set forth herein.

51.     Defendant Amazon expressly warranted that Defendants' Ladder could safely support up to 300 pounds in weight.

52.     Plaintiff relied upon Defendant Amazon's express warranty in purchasing and using Defendants' Ladder.

53.     Defendant Amazon impliedly warranted to consumers that Defendant's Ladder was fit for its ordinary and foreseeable purpose.

54.     Defendant Amazon breached its express and implied warranties of merchantability as Defendants' Ladder failed to conform to its advertised characteristics, was defective and dangerous, and failed during ordinary and intended use, resulting in injuries to Plaintiff.

WHEREFORE, Plaintiff Karen Olivieri demands judgment in her favor and against Defendant Amazon.com, Inc., individually, jointly and/or severally, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), together with such further relief as this Honorable Court may deem appropriate.

## COUNT VII – Loss of Consortium
## Michael Olivieri v. All Defendants

55.     Plaintiffs incorporate herein, by reference, the averments contained in the preceding paragraphs, as well as all subsequent paragraphs, as though the same were fully set forth herein.

56.     As a direct and proximate result of Defendants' negligence and carelessness, Plaintiff's fall, and Plaintiff's resulting injuries, Plaintiff Spouse suffered and may in the future suffer the loss of aid, assistance, and comfort of his wife.

57.     As a direct and proximate result of Defendants' negligence and carelessness, the Incident, and Plaintiff's resulting injuries, Plaintiff Spouse has expended and may in the future expend specific time, care and/or treatment to his wife.

**WHEREFORE**, Plaintiff Spouse Michael Olivieri demands judgment in his favor and against Defendants an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), together with such further relief as this Court may deem appropriate.

**OSTROFF | GODSHALL - Injury and Accident Lawyers**

Dated:12/17/2024                    By: _/s/ Joseph Z. Swist_____

                                    Joseph Swist, Esq.
                                    PA Attorney ID No. 322741
                                    518 E. Township Line Road, Suite 100
                                    Blue Bell, PA 19422
                                    (610) 279-7000
                                    jswist@ostrofflaw.com
                                    *Attorney for Plaintiffs*